# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

---

### NO. 03-07-00274-CR

---

**In re Adam Biegel**

---

### FROM THE DISTRICT COURT OF TRAVIS COUNTY, 331ST JUDICIAL DISTRICT
### NO. 990020, HONORABLE BOB PERKINS, JUDGE PRESIDING

---

### M E M O R A N D U M   O P I N I O N

Adam Biegel appeals the district court's order denying his pro se motion for post-conviction forensic DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.01 (West Supp. 2007). We will affirm the order.

Biegel is serving the life sentence imposed following his conviction for capital murder. That conviction was affirmed by this Court. *See Biegel v. State*, No. 03-99-00816-CR, 2001 Tex. App. LEXIS 5950 (Tex. App.—Austin Aug. 30, 2001, pet. ref'd) (not designated for publication). The evidence showed that Biegel, his girlfriend Tammy Fox, and Fox's mother and stepfather conspired to rob the deceased. Acting pursuant to the scheme, Fox lured the deceased to a vacant apartment at the complex where her stepfather was a security guard. Biegel was hiding in the apartment, armed with a hammer and knife supplied by Fox's stepfather and wearing a stocking mask supplied by her mother. Biegel stabbed the deceased several times, inflicting injuries that proved fatal. Biegel took the deceased's wallet, but it contained no money. DNA testing identified

the deceased's blood on clothing worn by Biegel and Fox, and on a rope bracelet worn by Biegel. DNA tests of the bloody knife were inconclusive.

By his motion, Biegel sought DNA testing of the knife and stocking mask, a pair of jeans, and tennis shoes, a backpack, and a tequila bottle found in Fox's parents' apartment. Biegel asserted that this testing would reveal that Fox lied during her testimony and that her stepfather was the person who stabbed the deceased. The trial court overruled the motion, finding that identity was not an issue and that Biegel had not established by a preponderance of the evidence that he would not have been convicted if exculpatory results had been obtained through DNA testing. *See* Tex. Code Crim. Proc. Ann. art. 64.03(a)(1)(B), (2)(A) (West Supp. 2007).

Biegel's motion for DNA testing was properly overruled on procedural grounds. A DNA testing motion must be accompanied by an affidavit containing a statement of facts in support of the motion. *Id*. art. 64.01(a). Biegel did not submit an affidavit, and his testing motion, although it contained a statement of facts, was not sworn. A DNA testing motion may request testing of evidence that was not previously tested or that can be subjected to newer testing techniques that are reasonably likely to produce more probative results. *Id*. art. 64.01(b). At least some of the items mentioned in Biegel's motion were tested previously, and Biegel made no effort to demonstrate that newer testing techniques are available.

We also find no merit to Biegel's pro se arguments challenging the court's findings. With respect to the tequila bottle, Biegel urges that fingerprints would show that Fox and the deceased were drinking together before the murder, contrary to Fox's testimony. Whether or not this is true, it has no relevance to the denial of DNA testing. Similarly irrelevant is appellant's assertion

2

that the tennis shoes and the bloody clothing do not fit him, but do fit Fox's stepfather. He does not explain how this could be established by DNA testing. Biegel contends that further DNA testing of the knife and testing of the stocking mask would connect these items to Fox's stepfather. If true, this would merely confirm that the stepfather was part of the conspiracy; it would not exculpate Biegel.

For the reasons stated, we affirm the order denying Biegel's pro se motion for forensic DNA testing.

_____

David Puryear, Justice

Justices Patterson, Puryear and Pemberton

Affirmed

Filed: February 8, 2008

Do Not Publish

3